***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Rowell. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 ***********
The Full Commission finds as fact and concludes as matters of law which were entered into by the parties at the hearing as
 STIPULATIONS
1. The parties stipulate into evidence as Stipulated Exhibit #1, a five-page document identified as Administrative Remedy Procedure containing plaintiff's grievances and responses.
2. The parties stipulate into evidence as Stipulated Exhibit #2, a three-page document containing plaintiff's request for assistance.
3. The parties stipulate into evidence as Stipulated Exhibit #3, four pages of personal property inventory sheets dated from November 2, 2001 through November 19, 2001.
4. The parties stipulate into evidence as Stipulated Exhibit #4, a one-page personal property inventory document dated November 2, 2001.
 ***********
Based upon all the competent evidence in the record, the Full Commission makes the following
 FINDINGS OF FACT
1. All the parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Tort Claims Act.
2. Plaintiff is an inmate of the North Carolina Department of Correction.
3. Plaintiff filed a Tort Claim Affidavits with the North Carolina Industrial Commission alleging negligence on behalf of "C/O D. Mansfield" and "Sgt. S. Clark."
4. On November 2, 2001, plaintiff was transferred from to Pasquotank Correctional Institution from Eastern Correctional Institution with his personal property.
5. Upon arriving at Pasquotank Correctional Institution, plaintiff was brought to Unit 1 and placed in segregation.
6. Two DC-160 forms were completed for plaintiff's personal property upon his arrival at Unit 1. One DC-160 form contained items that were given to the plaintiff. Plaintiff signed this DC-160 form dated November 2, 2001. The other DC-160 form contained a list of items that were placed in storage. Plaintiff refused to sign this DC-160 form, which was dated November 2, 2001.
7. Plaintiff signed a DC-160 form on November 15, 2001, for his personal property that was given to him upon his release from Unit 1.
8. Plaintiff signed another DC-160 form on November 19, 2001, for additional personal property including certain ink pens that were rejected because the pens were not transparent.
9. Plaintiff initiated a grievance for personal property that he alleged was missing and not returned to him after his release from Unit 1.
10. Correctional Officer Mansfield testified that he did not complete a personal property inventory of plaintiff's property upon his arrival at Pasquotank Correctional Institution. Officer Mansfield testified that plaintiff took his personal property with him when officers transferred plaintiff to Unit 1.
 ***********
NOW THEREFORE, based upon the foregoing Findings of Fact, the Full Commission makes the following
 CONCLUSIONS OF LAW:
1. The State is liable in tort only as provided in the Tort Claims Act. Nello L. Teer Company v. State Highway Commission,265 N.C. 1, 143 S.E.2d 247 (1965). Plaintiff has the burden to prove all elements of negligence on the part of an alleged employee of defendant named in the affidavit of claim. N.C. Gen. Stat. §§ 143-291, 143-297.
2. To recover on a negligence claim, a plaintiff must allege and prove that a plaintiff was owed a certain duty and that the duty was breached and the breach proximately and foreseeably caused the plaintiff's injury. Bolkir v. NCSU, 321 N.C. 706,365 S.E.2d 898 (1988). Plaintiff has not proven by the greater weight of the evidence that Officer Mansfield or Sergeant Carter were negligent. Plaintiff has failed to prove his negligence claim and therefore plaintiff's claim must be denied.
 ***********
Based upon the foregoing Findings of Facts and Conclusions of Law, the Full Commission enters the following
 ORDER
1. Plaintiff's claim is DENIED.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 14th day of July 2004.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER